UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM A. JACOBSON, on behalf of himself and others similarly situated,

                      *Plaintiff*,

      -against-

MARY T. BASSETT, in her official capacity as Acting Commissioner of the New York Department of Health,

                      *Defendant*.

22-CV-0033

MAD/ML

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINITFF'S MOTION FOR CLASS CERTIFICATION**

                                       LETITIA JAMES
                                       Attorney General
                                       State of New York
                                       Attorney for Defendant Mary T. Bassett
                                       The Capitol
                                       Albany, New York  12224

Adrienne J. Kerwin
Assistant Attorney General, of Counsel
Bar Roll No. 105154
Telephone:  (518) 776-2608
Fax:  (518) 915-7738 (Not for service of papers)                    Date: February 18, 2022

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 2

ARGUMENT ....................................................................................................................... 4

    PLAINTIFF FAILS TO ESTABLISH THE REQUIREMENTS NECECESSARY
    TO CERTIFY A CLASS ................................................................................................ 4

        A.    Defendant's Pending Cross-Motion to Dismiss the Complaint
             Should be Granted, so Class Certification is Unnecessary ......................... 5

        B.    Plaintiff Fails to Submit Sufficient Evidence to Permit the Court to
             Perform a Rigorous Analysis ...................................................................... 6

        C.    Plaintiff Fails to Establish Adequacy Because He Lacks Standing ............ 7

        D.    Plaintiff Fails to Establish Commonality and Typicality ........................... 10

        E.    Plaintiff Fails to Establish the Requirements of Rule 23(b)(2) ................. 12

CONCLUSION ................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**CASES**            Page(s)

*Amchem Prod., Inc. v. Windsor*,
   521 U.S. 591 (1997)......................................................................................................6

*Comer v. Cisneros*,
   37 F. 3d 775 (2d Cir. 1994)...........................................................................................7

*De la Cruz v. Gill Corn Farms, Inc.*,
   2005 U.S. Dist. LEXIS 44675 (N.D.N.Y. Jan. 25, 2005)........................................ 3-4

*Dixie v. Antonacci*,
   2017 U.S. Dist. LEXIS 79449 (N.D.N.Y. May 24, 2017)...........................................7

*General Telephone Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982)....................................................................................................10

*Giannullo v. City of New York*,
   322 F. 3d 139 (2d Cir. 2003)........................................................................................5

*Himmelfarb v. Nat'l Bureau Collection Corp.*,
   2017 U.S. Dist. LEXIS 161403 (E.D.N.Y. Sept. 28, 2017).........................................5

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   574 F. 3d 29 (2d Cir. 2009)........................................................................................10

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   299 F. Supp. 3d 430 (S.D.N.Y. 2018)..........................................................................6

*In re Literary Works in Elec. Databases Copyright Litig.*,
   654 F. 3d 242 (2d Cir. 2011)........................................................................................6

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   827 F.3d 223 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1374 (2017).........................6

*Kassman v. KPMG LLP*,
   416 F. Supp. 3d 252 (S.D.N.Y. 2018)..........................................................................5

*Levitt v. J.P. Morgan Sec., Inc.*,
   710 F. 3d 454 (2d Cir. 2013).......................................................................................4

*Martinez v. Malloy*,
   350 F. Supp. 3d 74 (D. Conn. 2018)............................................................................8

*MGM Resorts Int'l Global Gaming Dev., LLC v. Malloy*,
   2016 U.S. Dist. LEXIS 81635 (D. Conn. 2016) affirmed 861 F.3d 40 (2d Cir.
   2017) ............................................................................................................................8

*Myers v. Hertz Corp.*,
   624 F. 3d 537 (2d Cir. 2010) *cert. denied*, 565 U.S. 930 (2011) ............................................3

*Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*,
   508 U.S. 656 (1993) .................................................................................................... 7, 9

*Nicosia v. Amazon.com, Inc.*,
   834 F. 3d 220 (2d Cir. 2016) .............................................................................................6

*Pagan v. Abbott Labs., Inc.*,
   287 F.R.D. 139 (E.D.N.Y. 2012) ....................................................................................10

*Raymond v. N.Y. State Dep't of Corr. & Cmty. Supervision*,
   2022 U.S. Dist. LEXIS 5522 (Jan. 11, 2022) ...................................................................3

*Samele v. Zucker*,
   324 F. Supp. 3d 313 (E.D.N.Y. 2018) ..............................................................................4

*U.S. v. Hays*,
   515 U.S. 737 (1995) ..........................................................................................................7

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ................................................................................................passsim

**RULES**

Fed. R. Civ. P. 23 ..................................................................................................... 2, 3, 4, 5

Fed. R. Civ. P. 23(a) .........................................................................................................3

Fed. R. Civ P. 23(a)(2) ...................................................................................................10

Fed. R. Civ. P. 23(a)(3) ..................................................................................................10

Fed. R. Civ. P. 23(a)(4) ....................................................................................................6

Fed. R. Civ. P. 23(b) ................................................................................................... 3, 11

Fed. R. Civ. P. 23(b)(2) ........................................................................................... 4, 5, 11

Defendant, Mary T. Bassett, Commissioner of the New York State Department of Health, sued in her official capacity ("Defendant"), submits this memorandum of law, together with the accompanying Declaration of Eugene Heslin, MD, FAAFP, dated February 17, 2022, ("Heslin Decl."), and its exhibits, in opposition to Plaintiff's motion for class certification. Plaintiff fails to offer any evidence sufficient to entitle him to class certification. Accordingly, Plaintiffs' motion must be denied in its entirety.

## PRELIMINARY STATEMENT

As the COVID-19 pandemic continues, the State remains steadfast in its efforts to carefully calibrate its response to end the spread of the virus and ensure that its citizens have access to life saving vaccines and medical treatment. Toward this end, on December 27, 2021, the New York State Department of Health ("DOH") issued a guidance document to New York State health care providers and health care facilities entitled "COVID-19 Oral Antiviral Treatments Authorized and Severe Shortage of Oral Antiviral and Monoclonal Antibody Treatment Products" ("Guidance"), which advises health care providers of new drug treatments and therapies found to reduce the risk of hospitalization and death in high-risk patients when taken by the patients early after symptom onset. Heslin Decl., ¶ 10. The Guidance advises providers about, inter alia, risk factors to consider when providing the drug treatments and therapies. Plaintiff takes issue with the portion of the Guidance advising providers and hospitals that they should consider race and ethnicity as a risk factor when making decisions as to whether an individual meets the criteria for oral antiviral treatment. *Id*., ¶ 13. Specifically, the language states as follows: "Non-white race or Hispanic/Latino ethnicity should be considered a risk factor, as longstanding systemic health and

social inequities have contributed to an increased risk of severe illness and death from COVID-19." *Id.*, Exh. A.

Plaintiff is a white law professor who does not have COVID-19 and seeks to represent a class of all white people. Complaint, ECF No. 1 ("Compl."). Specifically, Plaintiff seeks an order certifying a class of "individuals in New York State who do not qualify '[n]on-white race or Hispanic/Latino ethnicity' under the New York Department of Health's guidelines for distributing oral antiviral COVID treatments." Plaintiff's Memorandum of Law, ECF No. 31-1 ("Pl. Mem. Law"), p. 4. However, Plaintiff fails to satisfy the requirements of Fed. R. Civ. P. 23 necessary to certify a class. Additionally, for the reasons discussed in Defendant's cross-motion to dismiss the Complaint, Defendant's Memorandum of Law, ECF No. 42-10, ("Def. Mem. of Law"), the Complaint should be dismissed in its entirety. As a result, Plaintiff's motion for class certification should be denied.

## STATEMENT OF FACTS

The Guidance was issued at a time when oral antiviral treatments were anticipated to be in short supply based upon information provided by the federal government prior to their initial distribution. Heslin Decl., ¶ 28. However, there is currently no shortage of the medications in New York, *id.*, and no one in New York, who is otherwise qualified based on their individual risk factors, will be turned away from life-saving treatment because of their race or any demographic identifier. *Id.*, ¶ 31.

The recommendation that providers and hospitals should consider race and ethnicity as a risk factor when prescribing oral antiviral treatments is not a mandate, or a restriction of COVID-19 treatments by race. *Id.*, ¶ 24. The Guidance does not replace doctors' clinical judgment and does not prevent any patient from receiving necessary treatment. *Id*. Rather, the Guidance is

intended to address the well documented reality that communities of color have been disproportionately impacted by the COVID-19 pandemic. *Id.*

Despite Plaintiff's argument to the contrary, the Guidance does not, nor is it intended to, operate as a barrier to care for white people or create a racial hierarchy in the delivery of care. *Id.*, ¶ 25.  In a clinical setting, a practitioner should: (1)  take a detailed history and conduct a physical examination; (2) understand the risks and benefits of treatment versus non treatment based upon the individual patient; and (3) have  a discussion with the patient about risk, benefits, and alternatives. *Id*. Only then after using appropriate medical clinical judgment should a medication be prescribed. *Id*. These decisions should always be based upon the physician-patient relationship and a shared decision-making process that is part and parcel to patient care.  *Id*.  The Guidance is simply a suggestion to help focus the thoughts of practitioners and inform reasonable discussion.  *Id*.  It is not mandate, *id*., ¶ 23, and is not subject to enforcement.  *Id*., ¶ 27.

## ARGUMENT

### PLAINTIFF FAILS TO ESTABLISH THE REQUIREMENTS NECECESSARY TO CERTIFY A CLASS

"Class certification is the exception, not the rule, so the party moving for class certification 'must affirmatively demonstrate' compliance with [Fed. R. Civ. P.] 23." *Raymond v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 2022 U.S. Dist. LEXIS 5522, *6 (Jan. 11, 2022) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).  "Rule 23 requires that a proposed class action (1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class."  *Myers v. Hertz Corp.*, 624 F. 3d 537, 547 (2d Cir. 2010) (citing Fed. R. Civ. P. 23(a)), *cert. denied*, 565

U.S. 930 (2011). "Once the prerequisites of Rule 23(a) are satisfied, plaintiffs seeking to maintain a class action must also satisfy one of the three subsections of Rule 23(b)." *De la Cruz v. Gill Corn Farms, Inc.*, 2005 U.S. Dist. LEXIS 44675, **12-13 (N.D.N.Y. Jan. 25, 2005).

"The Rule 23 requirements must be established by at least a preponderance of the evidence. The burden of proving compliance with all of the requirements of Rule 23 rests with the party moving for certification." *Levitt v. J.P. Morgan Sec., Inc.*, 710 F. 3d 454, 465 (2d Cir. 2013) (internal citation and quotation marks omitted). "A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23]—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Plaintiff fails to establish his entitlement to class certification. First, Defendant's cross-motion to dismiss the Complaint should be granted, making Plaintiff's motion for class certification moot. Second, Plaintiff fails to offer sufficient evidence to permit the Court to undertake the rigorous analysis required to rule on a motion for class certification. Third, Plaintiff's lack of standing is fatal to his motion for class certification because he cannot establish that he can adequately protect the interests of the class. Fourth, Plaintiff fails to establish that his claims are common and typical of those of the putative class. Finally, Plaintiff fails to establish the requirements of Rule 23(b)(2).

**A. Defendant's Pending Cross-Motion to Dismiss the Complaint Should be Granted, so Class Certification is Unnecessary**

As an initial matter, Plaintiff's motion must be denied because the Complaint should be dismissed in its entirety. The granting of Defendant's pending cross-motion to dismiss will "render the Plaintiff['s] motion for class certification moot." *Samele v. Zucker*, 324 F. Supp. 3d 313, 321 (E.D.N.Y. 2018). Accordingly, Plaintiff's motion should be denied.

### B. Plaintiff Fails to Submit Sufficient Evidence to Permit the Court to Perform a Rigorous Analysis

Plaintiff fails to submit evidence establishing Rule 23's requirements by a preponderance of the evidence. In support of the present motion, Plaintiff submits only a four-page memorandum of law, Pl. Mem. of Law, ECF 33-1, and a ten-paragraph speculative and conclusory hearsay declaration. Jacobson Declaration, ECF No. 33-2 ("Jacobson Decl."). In addition to stating alleged statistical information about the rates of COVID-19 infection worldwide and a recent COVID-19 outbreak at Cornell University, Jacobson Decl., ¶¶ 4, 5, Plaintiff's Declaration states that Plaintiff: (1) is "of Eastern European ancestry and not 'non-white' and not of Hispanic/Latino ethnicity," *id*., ¶ 2; (2) is 62 years old, *id*., ¶ 3; (3) is a law professor at Cornell, *id*., ¶ 4; and (4) "want[s] to immediately access oral antiviral treatments to reduce [his] risk of serious illness or death" when he "inevitable contract[s] COVID-19." *Id*., ¶ 7. Based on this information, Plaintiff seeks to represent a class of all white people who may contract COVID-19 sometime in the future.

These statements are completely devoid of any evidentiary value, and fail to demonstrate the elements of numerosity, commonality, typicality, adequacy of class representatives, ascertainability, or the Rule 23(b)(2) factor. *Giannullo v. City of New York*, 322 F. 3d 139, 142 (2d Cir. 2003) (observing that a memorandum of law "is not evidence at all."). The Court cannot perform the requisite "rigorous analysis" of Rule 23's certification requirements on the basis of the bare evidentiary record supplied by Plaintiff. *Wal-Mart Stores, Inc*., 564 U.S. at 350-351. *See also Kassman v. KPMG LLP*, 416 F. Supp. 3d 252, 273-274 (S.D.N.Y. 2018) ("A certifying court must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirements has been met." (internal quotation marks omitted)); *Himmelfarb v. Nat'l Bureau Collection Corp.,* 2017 U.S. Dist. LEXIS 161403, *8 (E.D.N.Y. Sept. 28, 2017) (determining that "Plaintiff has not submitted sufficient evidence for the Court to rule on class

6

certification on the merits."). Accordingly, based on Plaintiff's failure to present any relevant evidence, Plaintiff's motion should be denied.

### C. Plaintiff Fails to Establish Adequacy Because He Lacks Standing

Plaintiff must show that "the representative part[y] will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "To satisfy Rule 23(a)(4), the named plaintiffs must possess the same interests and suffer the same injuries as the class members." *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F. 3d 242, 249 (2d Cir. 2011) (internal quotation marks and alterations omitted). "[A]n analysis of adequacy of representation considers 'whether the class representative has adequate incentive to pursue the class's claim, and whether some difference between the class representative and some class members might undermine that incentive.'" *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 461 (S.D.N.Y. 2018) (quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 231 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1374 (2017)).

Plaintiff fails to meet his burden of demonstrating that he will adequately represent the proposed class because he lacks standing. "A plaintiff seeking to represent a class must personally have standing." *Nicosia v. Amazon.com, Inc.*, 834 F. 3d 220, 239 (2d Cir. 2016). "To satisfy this jurisdictional requirement, (1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision." *Id.* (internal quotation marks omitted).

For the reasons fully discussed in Defendants' cross-motion to dismiss the Complaint, Def. Mem. of Law, ECF No. 42-10, incorporated herein, Plaintiff does not have standing.

Plaintiff alleges that a person of non-white race or Hispanic/Latino ethnicity may receive antiviral therapies because of their race or ethnicity alone, but a person of white race or non-Hispanic/Latino ethnicity must show a medical condition or risk factor to receive the therapies. In other words, Plaintiff alleges that the Guidance erects a "barrier" for one group to access antiviral therapies that another group does not face. In this type of equal protection claim, an "injury in fact" occurs "[w]hen the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group." *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993). Therefore, to establish Article III standing, Plaintiff must allege the following: (1) "there exists a reasonable likelihood that the plaintiff is in the disadvantaged group, (2) there exists a government-erected barrier, and (3) the barrier causes members of one group to be treated differently from members of the other group." *Comer v. Cisneros*, 37 F. 3d 775, 793 (2d Cir. 1994).

"[E]ven if a governmental actor is discriminating on the basis of race, the resulting injury 'accords a basis for standing only to those persons who are personally denied equal treatment by the challenged discriminatory conduct.'" *U.S. v. Hays*, 515 U.S. 737, 743-744 (1995). Plaintiff alleges that he has standing to bring his claims because the provision of the Guidance that permits the consideration of race in determining a patient's risk factors is a "barrier" to white people's access to antiviral therapies. However, these allegations are insufficient to establish standing. First, the Guidance is not a "barrier" to Plaintiff's ability to receive antiviral therapies. To establish standing, Plaintiff must prove that the Guidance makes it "more difficult" for white/non-Hispanic or Latino individuals to obtain antiviral therapies than it is for non-white/Hispanic or Latino individuals. *Dixie v. Antonacci*, 2017 U.S. Dist. LEXIS 79449, at **18-

8

19 (N.D.N.Y. May 24, 2017) (citing *Comer*, 37 F. 3d at 791). As Dr. Heslin explains, "[n]othing in the Guidance prevents the Plaintiff, or anyone similarly situated, from receiving treatment with oral antivirals in the unfortunate event that they contract COVID-19," Heslin Decl., ¶ 30, and "[n]o one in New York, who is otherwise qualified based on their individual risk factors, will be turned away from life-saving treatment because of their race or any demographic identifier." *Id.*, ¶ 31.

Notwithstanding, Plaintiff appears to allege that the "barrier" created by the Guidance is that he must demonstrate a medical condition or other risk factor that increases his risk for severe illness in order to be eligible for antiviral therapies in short supply. In order to be prescribed antiviral therapies, a person must have a "medical condition or other factors that increase their risk for severe illness." Guidance, Heslin Decl., Exh. A. And those conditions or factors are evaluated and determined by a physician using his or her medical judgment to determine if antiviral therapy is an appropriate treatment for a particular patient. Heslin Decl., ¶¶ 24-25. There is no "barrier" to Plaintiff's, or any patient's, access to antiviral therapies created by the Guidance. *MGM Resorts Int'l Global Gaming Dev., LLC v. Malloy*, 2016 U.S. Dist. LEXIS 81635, at *20 (D. Conn. 2016) (discussing how the statute was not a "barrier" to a benefit and distinguishing classes of cases to the contrary) *affirmed* 861 F.3d 40 (2d Cir. 2017).

Second, Plaintiff must show that he intends to or is "able and ready" to "pursue the benefit" to establish standing. *Martinez v. Malloy*, 350 F. Supp. 3d 74, 85 (D. Conn. 2018). He cannot do so. The allegations in the Complaint, and the proof submitted by Plaintiff in support of his motion for a preliminary injunction—a ten paragraph declaration—states only that Plaintiff wants to "immediately access oral antiviral treatments to reduce [his] risk of serious illness or death" when he "inevitably contracts COVID-19." Jacobson Declaration, ECF No. 34-

9

2, ¶ 7. But, because he would need to "demonstrate a 'medical condition or other factors that increase [his] risk for severe illness," *id.*, ¶ 9, he has "heightened concern when [he goes] about his daily activities." *Id.*, ¶ 10.

This kind of speculative and tenuous situation is not the type in which standing is established simply by showing that a plaintiff is a member of a group that cannot access a benefit because of a government-created barrier. To fall within this line of cases, Plaintiff must show that he is "ready and able" to access a government benefit; here, an antiviral therapy. *Ne. Fla. Chapter of Associated Gen. Contractors of Am.*, 508 U.S. at 658-659. He cannot do so. Plaintiff does not have COVID-19 and may never contract it. If he does contract it, his physician may or may not deem Plaintiff's medical condition suitable for antiviral therapy. If his physician does deem Plaintiff's condition to be warranted, Plaintiff may or may not be eligible for the therapy for reasons unrelated to his race. If he is eligible, there is no shortage of antiviral therapies such that the Guidance would be invoked. If there was a shortage, a physician's medical judgment may or may not result in plaintiff receiving the therapy. There is no automatic qualifier/disqualifier for the antiviral therapy and whether or not Plaintiff will ever be given the therapy will be in accordance with his health care provider's medical judgment.

Inasmuch as Plaintiff lacks standing, Plaintiff fails to demonstrate adequacy of representation. This failure requires that Plaintiff's motion for class certification be denied.

### D. Plaintiff Fails to Establish Commonality and Typicality

Plaintiff's motion for class certification should be denied because he also fails to establish the required elements of commonality and typicality. These requirements "tend to merge" as they "'[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class

claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Wal-Mart Stores, Inc.*, 564 U.S. at n. 5 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, n. 13 (1982)).

To establish commonality plaintiff must demonstrate that "there are questions of law or fact common to the class." Fed. R. Civ P. 23(a)(2). To establish typicality, Plaintiff must demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).[1] Plaintiff alleges that the question of law common to all putative class members is whether DOH is violating the equal protection clause, Title VI and the ACA by "rationing lifesaving COVID-19 medications on the basis of race and ethnicity," Pl. Mem. of Law, p. 5, and that the claims of each putative class member, which are allegedly based on the same legal argument, stems from the same course of events, i.e. the issuance of the Guidance. *Id*. "[M]erely raising common questions" is not sufficient to satisfy the commonality requirement. *Pagan v. Abbott Labs., Inc.*, 287 F.R.D. 139, 148 (E.D.N.Y. 2012).

As discussed fully in the Declaration of Dr. Eugene Heslin, the Guidance does not "ration" medications at all, much less on the basis of race and ethnicity. Heslin Decl., generally. If a white person is prescribed antiviral therapy to treat COVID-19, such a decision would be based on the professional judgment of that person's health care provider based on individualized medical assessment. *Id*., ¶¶ 23-24, 30. Since medical assessments are specific to each patient, factual issues are not common among the class.

---

[1] "To establish typicality under Rule 23(a)(3), the party seeking certification must show that each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F. 3d 29, 35 (2d Cir. 2009) (internal quotation marks omitted).

11

Additionally, "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc.*, 564 U.S. at 349-350 (internal quotation marks and citation omitted). As discussed above, Plaintiff fails to allege or establish that he has suffered any injury at all. Therefore, he cannot possibly demonstrate that he and other putative class members have suffered the same injury.

Since Plaintiff fails to establish the requirements of commonality and typicality, his motion for class certification should be denied.

### E. Plaintiff Fails to Establish the Requirements of Rule 23(b)(2)

A class action may only be pursued in three circumstances set forth in Rule 23(b). Plaintiff contends that his motion satisfies the requirements of Rule 23(b)(2). Pl. Mem. of Law, p. 4. Rule 23(b)(2) provides that a "class action may be maintained if Rule 23(a) is satisfied and if … the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole …." "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc.*, 564 U.S. at 360.

The evidence before the Court establishes that Defendant has not "acted or refused to act on grounds that apply generally to the class." To the contrary, the Guidance operates to provide information to health care providers who must exercise their medical judgment in determining whether or not to prescribe antiviral therapies to a particular patient. Heslin Decl., ¶¶ 9, 11-13, 24-26. The Guidance does not direct that antiviral therapies be given, or refused to, any class of

people.  As a result, Plaintiff fails to satisfy Rule 23(b)(2).

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for class certification should be denied in its entirety with prejudice.

Dated: Albany, New York
February 18, 2022

                                                LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant Mary T. Bassett
The Capitol
Albany, New York  12224

By: *s/ Adrienne J. Kerwin*
Adrienne J. Kerwin
Assistant Attorney General, of Counsel
Bar Roll No. 105154
Telephone:  (518) 776-2608
Fax:  (518) 915-7738 (Not for service of papers)
Email: Adrienne.Kerwin@ag.ny.gov

TO (via ECF): All counsel of record

13