# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

WILLIAM A. JACOBSON, on behalf of himself
and others similarly situated,

*Plaintiff*,

v.

MARY T. BASSETT, in her official capacity as
Acting Commissioner of the New York Depart-
ment of Health,

*Defendant.*

Case No. 3:22-cv-00033-MAD-ML

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

I.      The Department's motion to dismiss should be denied. ........................................... 1

II.     Plaintiff has submitted sufficient evidence to support its motion. ................................ 2

III.    Plaintiff has Article III standing. .................................................................... 2

IV.     Plaintiff has established commonality and typicality. .............................................. 3

V.      Plaintiff has established the requirements of Rule 23(b)(2) ......................................... 3

VI.     At a minimum, the Court should grant Plaintiff's motion for a preliminary injunction. .......... 4

CONCLUSION ............................................................................................... 4

## TABLE OF AUTHORITIES

**Cases**

*Baur v. Veneman,*
    352 F.3d 625 (2d Cir. 2003) ................................................................................. 3

*Davis v. Fed. Election Comm'n,*
    554 U.S. 724 (2008) ............................................................................................. 2

*Estle v. IBM Corp.,*
    23 F.4th 210 (2d Cir. 2022) ................................................................................. 1

*Fin. Guar. Ins. Co v. Putnam Advisory Co., LLC,*
    783 F.3d 395 (2d Cir. 2015) ................................................................................. 1

*Fish v. Kobach,*
    189 F. Supp. 3d 1107 (D. Kan. 2016) ................................................................. 4

*Kurtz v. Kimberly-Clark Corp.,*
    321 F.R.D. 482 (E.D.N.Y. 2017) ......................................................................... 2

*Marisol v. Giuliani,*
    126 F.3d 372 (2d Cir. 1997). ............................................................................... 3

*Ne. Fla. Chapter of Ass. Gen. Contractors v. City of Jacksonville,*
    508 U.S. 656 (1993) ......................................................................................... 2, 3

*Nellson v. Barnhart,*
    2020 WL 3000961 (D. Colo. June 4, 2020) ........................................................ 4

*Rodriguez v. Providence Community Corrections, Inc.,*
    155 F. Supp. 3d 758 (M.D. Tenn. 2015) ............................................................. 4

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.,*
    659 F.3d 234 (2d Cir. 2011) ................................................................................. 2

*Susan B. Anthony List v. Driehaus,*
    573 U.S. 149 (2014) ............................................................................................. 3

*V.W. by & through Williams v. Conway,*
    236 F. Supp. 3d 554 (N.D.N.Y. 2017) ................................................................ 2

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) ............................................................................................. 3

**Other Authorities**

Newberg on Class Actions § 4:30 (5th ed. Dec. 2019 update)..................................................................... 4

The Department's opposition to Plaintiff's motion for class certification mostly rehashes its opposition to Plaintiff's preliminary-injunction motion. The Department again argues that Plaintiff lacks standing, that his claims are moot, and that he fails to state a claim for relief. These arguments fail for the reasons Plaintiff gives in his reply to the preliminary-injunction motion. The Department contends that Plaintiff failed to produce sufficient evidence to support class certification and that his claims are not common among the putative class. But the Department neither disputes Plaintiff's facts nor identifies any evidence that Plaintiff should have provided. Nor could it because few facts are needed to support class certification. Under the Policy, non-whites and Hispanics/Latinos who test positive for COVID-19 automatically qualify for oral antiviral treatments, while identically situated non-Hispanic whites are ineligible unless they demonstrate a "medical condition" or "risk factor" that increases their risk for severe illness. Because Plaintiff, like millions of other non-Hispanic white New Yorkers, is being denied equal treatment under the Policy, a single injunction from this Court will protect Plaintiff and the putative class from the same injury. The Court should certify the class.

I.      **The Department's motion to dismiss should be denied.**

The Department argues that Plaintiff's motion for class certification should be denied because Plaintiff has failed to state a claim. Opp. 5. But as explained, *see* PI Reply 1-10, the Department's motion to dismiss should be denied because Plaintiff has standing, his claims are not moot, and he has stated claims for relief. At a minimum, the Department cannot carry its heavy burden at this early stage of the case. *See Fin. Guar. Ins. Co v. Putnam Advisory Co., LLC*, 783 F.3d 395, 401-02 (2d Cir. 2015) ("'At the pleading stage, standing allegations need not be crafted with precise detail, nor must the plaintiff prove his allegations of injury.'"); *Estle v. IBM Corp.*, 23 F.4th 210, 212-13 (2d Cir. 2022) (on a motion to dismiss for failure to state a claim, courts must "'accept the factual allegations as true and draw all reasonable inferences in favor of the plaintiff.'").

## II.     Plaintiff has submitted sufficient evidence to support its motion.

The Department argues that Plaintiff's motion should be denied because he "fail[ed] to submit evidence establishing Rule 23's requirements by a preponderance of the evidence." Opp. 6. Yet the Department never specifies what evidence Plaintiff should have supposedly provided. Opp. 6. Nor does the Department challenge the truth of any of Plaintiff's factual assertions. *See V.W. by & through Williams v. Conway*, 236 F. Supp. 3d 554, 574 (N.D.N.Y. 2017) (class certification met through "uncontested submissions").

In any event, Plaintiff's "affidavit[]" provides more than "enough evidence" to support his motion. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 251 (2d Cir. 2011). Plaintiff is highly likely to contract COVID-19 and wishes to "immediately access oral antiviral treatments" to minimize his chances of serious illness or death.  Doc. 33-2 at ¶¶ 4-7, 9. But because Plaintiff is "'non-white' and not of Hispanic/Latino ethnicity," he is "not automatically eligible to receive" oral antiviral treatments under the Policy. *Id.* ¶¶ 3, 8. Nor does Plaintiff need an affidavit for evidence that is common knowledge, such as the fact that there are millions of non-Hispanic whites living in New York who are at risk of contracting COVID-19. *See* Mem. 1 (citing U.S. census data); *see Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 539 (E.D.N.Y. 2017) (taking judicial notice of "widespread ownership of home computers").

## III.     Plaintiff has Article III standing.

The Department argues that Plaintiff is not an adequate member because he lacks Article III standing. Opp. 7-10. As explained, Plaintiff has Article III standing. *See* PI Reply 2-6. As a white person of non-Hispanic ethnicity, the Policy "makes it more difficult" for Plaintiff "to obtain a benefit"—oral antiviral treatments—"than it is for members of [all other racial and ethnic] group[s]." *Ne. Fla. Chapter of Ass. Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 666 (1993). That Plaintiff does not have COVID-19 right now is of no moment. Opp. 15. An injury "need not be actualized" to satisfy Article III. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). Plaintiff need only show a

"substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *see Baur v. Veneman*, 352 F.3d 625, 633 (2d Cir. 2003). Plaintiff has made that showing. *See* PI Reply 2-6.

## IV.     Plaintiff has established commonality and typicality.

The Department argues that Plaintiff cannot show commonality and typicality because "medical assessment are specific to each patient" and so "factual issues are not common among the class." Opp. 11. But whether members of the class will or will not ultimately receive oral antiviral treatments is irrelevant. *City of Jacksonville*, 508 U.S. at 666; *see* PI Reply 2-6. The Policy divides COVID-19 patients into two classes—those who are "non-white or [of] Hispanic/Latino ethnicity," and those who are not. *See* Doc. 33-1 at 1. Under the Policy, the former can access oral antiviral treatments regardless of whether they have a pre-existing "medical condition" or "risk factor," but the latter cannot. Because the Policy sorts COVID-19 patients by race—without regard to their medical conditions—"each class member's claim arises from the same course of events, and each class member [would] make[] similar arguments to prove the [Department's] liability." *Marisol v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). And Plaintiff has "suffered [an] injury," Opp. 12, as explained, *see* PI Reply 2-6.

## V.     Plaintiff has established the requirements of Rule 23(b)(2).

The Department argues that Plaintiff has failed to establish the requirements of Rule 23(b)(2) because it has not "acted or refused to act on grounds that apply generally to the class." Opp. 12. That is wrong. Rule 23(b)(2)'s requirements are satisfied "when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). Enjoining the Department from implementing or enforcing the Policy would protect all non-Hispanic whites who contract COVID-19 in New York. Because the Court can alleviate the injuries suffered by Plaintiff and similarly situated individuals through a single injunction, Plaintiff has satisfied Rule 23(b)(2).

**VI.     At a minimum, the Court should grant Plaintiff's motion for a preliminary injunction.**

Because Plaintiff's entitlement to class certification is clear, the Court should grant the motion and certify the class. Yet even if the Court believes that class certification is inappropriate at this time, it should not delay in granting Plaintiff's motion for a preliminary injunction. "[I]t is not necessary to resolve class certification before issuing preliminary injunctive relief." *Nellson v. Barnhart*, 2020 WL 3000961, at *5 n.3 (D. Colo. June 4, 2020); *see Fish v. Kobach*, 189 F. Supp. 3d 1107, 1148 (D. Kan. 2016) ("[C]ase law supports this Court's authority to issue classwide injunctive relief based on its general equity powers before deciding the class certification motion."); *Rodriguez v. Providence Community Corrections, Inc.*, 155 F. Supp. 3d 758, 767 (M.D. Tenn. 2015) (same); *see also* Newberg on Class Actions § 4:30 (5th ed. Dec. 2019 update) ("[A] court may issue a preliminary injunction in class suits prior to a ruling on the merits."). Because Plaintiff is entitled to a preliminary injunction to redress his injuries, the Court should, at a minimum, grant the preliminary-injunction motion without delay.

## CONCLUSION

The Court should grant the Plaintiff's motion for class certification.

4

Dated:  February 24, 2022                    Respectfully submitted.

                                             */s/  Michael Connolly*

**Gene P. Hamilton***                        **Jonathan F. Mitchell***
Virginia Bar No. 80434                       Texas Bar No. 24075463
Vice-President and General Counsel           Mitchell Law PLLC
America First Legal Foundation               111 Congress Avenue, Suite 400
300 Independence Avenue SE                   Austin, Texas 78701
Washington, DC 20003                         (512) 686-3940 (phone)
(202) 964-3721                               (512) 686-3941 (fax)
gene.hamilton@aflegal.org                    jonathan@mitchell.law


**Adam K. Mortara***                         **Jeffrey Harris***
Illinois Bar No. 6282005                     **Michael Connolly***
Lawfair LLC                                  **James Hasson***
125 South Wacker Drive Suite 300             Consovoy McCarthy PLLC
Chicago, Illinois 60606                      1600 Wilson Boulevard, Suite 700
(773) 750-7154                               (703) 243-9423
adam@mortaralaw.com                          jeff@consovoymccarthy.com
                                             mike@consovoymccarthy.com
**James P. Trainor**                         james@consovoymccarthy.com
New York Bar No. 505767
Trainor Law PLLC                             *admitted pro hac vice*
2452 U.S. Route 9
Malta, New York 12020                        *Counsel for Plaintiff and the Proposed Class*
518-899-9200 (phone)
jamest@trainor-lawfirm.com

**CERTIFICATE OF SERVICE**

I certify that on February 24, 2022, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF System, which will automatically send e-mail notification to all counsel of record.


_/s/ Michael Connolly_