

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

March 17, 2022

Via ECF
Honorable Mae A. D'Agostino
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 509
Albany, NY 12207-2924

Re:   *Jacobson v. Bassett*, 22-cv-33 (MAD)(ML)

Dear Judge D'Agostino:

On March 16, 2022, Defendant filed a letter notifying the Court of a decision from the Eastern District of New York in *Roberts v. Bassett*, 22-cv-710 (E.D.N.Y.). That decision was wrong and should not be followed here.

First, *Roberts* wrongly concluded that the Policy is merely "guidance" that is "nonbinding" on healthcare providers. Op. 10, 12, 15, 17, 19. As explained, Reply 6-7, the Policy speaks in mandatory terms. It orders providers and facilities to "adhere" to its prioritization criteria and states that antivirals are "authorized" only for those who "meet all the [identified] criteria." Policy 1-2. No provider would feel free to violate the Policy. Reply Br. 7. Tellingly, *Roberts* never addresses the plain language of the Policy itself. Moreover, courts have long rejected government actors' excuses that they merely "recommend[ed]" that "third parties" engage in racial discrimination. *See Baldwin v. Morgan*, 287 F.2d 750, 753-54 (5th Cir. 1961) (holding that an Alabama railroad could not "invite[]" racial segregation among passengers—even if that segregation was not "coercively compelled"—because "[w]hat is forbidden is the state action in which color (i.e., race) is the determinant"); *see* Reply 6-7. *Roberts* never addresses this line of cases either.

Second, *Roberts* improperly held that the plaintiff lacked standing. *See* Reply 2-6. Indeed, *Roberts* never even cites the key case on standing—*Baur v. Veneman*, 352 F.3d 625 (2d Cir. 2003). There, the Second Circuit "recognized that threatened harm in the form of an increased risk of future injury may serve as injury-in-fact for Article III standing purposes." *Id*. at 633. Because downed cattle "may transmit . . . a deadly disease with no known cure or treatment," the Court found that "even a moderate increase in the risk of disease may be sufficient to confer standing." *Id*. at 637. *Baur* is directly on point

here. Because COVID-19 is a "deadly disease," "even a moderate increase in the risk" caused by the Policy is sufficient to confer standing. *Id.* at 637. *Roberts*'s failure to grapple with *Baur* and similar cases, *see* Reply 4-5, fundamentally undermines its analysis.

*Roberts* is not persuasive and, of course, is not binding on this Court. The Court should not rely on it here.

Respectfully submitted,

*/s/ Michael Connolly*

Gene P. Hamilton*
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org


Adam K. Mortara*
Illinois Bar No. 6282005
Lawfair LLC
125 South Wacker Drive Suite 300
Chicago, Illinois 60606
(773) 750-7154
adam@mortaralaw.com

James P. Trainor
New York Bar No. 505767
Trainor Law PLLC
2452 U.S. Route 9
Malta, New York 12020
518-899-9200 (phone)
jamest@trainor-lawfirm.com

Jonathan F. Mitchell*
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Jeffrey Harris*
Michael Connolly*
James Hasson*
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
(703) 243-9423
jeff@consovoymccarthy.com
mike@consovoymccarthy.com
james@consovoymccarthy.com

* *admitted pro hac vice*


*Counsel for Plaintiff and the Proposed Class*